615 F.Supp. 87 (1985)
COTTON BLOSSOM CORP., INC., Jere Wilmering, Sr., and Starr Wilmering, Plaintiffs,
v.
LEXINGTON INSURANCE COMPANY, Defendant.
No. 84-2955C(B).
United States District Court, E.D. Missouri, E.D.
August 22, 1985.
*88 John J. Frank, Hullverson, Hullverson & Frank, St. Louis, Mo., for plaintiffs.
Gary T. Sacks, Goldstein & Price, St. Louis, Mo., for defendant.

MEMORANDUM
REGAN, District Judge.
This matter is before the Court on plaintiffs' motion for partial summary judgment on their claim under Section II of the insurance policy at issue in this lawsuit, and on defendant Lexington Insurance Company's motion for partial summary judgment in its favor as to plaintiffs' claim under Section I of the insurance policy.
Section I of the policy contains a standard "hull and contents" provision. Lexington claims it is entitled to summary judgment in its favor on plaintiffs' claim under Section I for these reasons:
1) there was an express "watchman's warranty" provision applicable to Section I of the policy;
2) that express warranty was breached by plaintiffs;
3) that as a result of this breach coverage under the policy was suspended during the existence of the breach; and,
4) therefore, no material issue of fact remains and Lexington is entitled to judgment as a matter of law.
Plaintiffs respond that the "watchman's warranty" was not material to the issuance of the insurance policy and, therefore, breach of that warranty does not void or suspend coverage under this section of the policy.
We must first determine what law is to be applied in this case. The Wilburn Boat case does little to aid our decision here.[1] There is no Act of Congress which controls the interpretation of warranties in marine insurance policies. There does appear to be a judicially established federal admiralty rule governing the type of warranty at issue here which has validity post-Wilburn Boat. In the single case cited by defendant in support of the proposition that there is a judicially-established federal admiralty rule applicable to this case, F.B. Walker & Sons, Inc. v. Valentine, 431 F.2d 1235 (5th Cir.1970), the Court found Mississippi and federal law to be the same, namely, that where an express "watchman's warranty" in a policy of marine insurance is not complied with in any real particular, the policy is voided and there is no liability, 431 F.2d at 1239, 1240. The entrenched federal policy then is to follow the common-law rule *89 which mandates strict compliance with warranties.[2]
Missouri law is less clear. Neither the Missouri Courts nor the Missouri Legislature have recently addressed the issue of construction of a warranty in a marine insurance policy, particularly of a watchman's warranty. Missouri has two statutes concerning the construction of warranties of fact in insurance policies: 1) warranties made in an application for insurance against loss by fire, tornado, or cyclone (§ 379.165 RSMo.); and 2) warranties of fact incorporated into any fire, tornado, or cyclone policy of insurance (§ 379.170 RSMo.). These provisions, however, do not apply either expressly or by implication to marine insurance policies.
In determining Missouri law, then, we are guided by the maxim of construction "Expressio unius est exclusio alterius." The exclusion of warranties made in fire, tornado, and cyclone policies of insurance by these two statutes from the workings of the common law rule of strict compliance implies that marine insurance policies are subject to the rule, namely, that breach of an express warranty voids a policy of marine insurance whether or not the fact warranted is material to the issuance of the policy or the risk insured against. Gilmore & Black, Admiralty Law 2d Ed., Section 2-7; Wilburn Boat, supra, 348 U.S. at 320, 75 S.Ct. at 373; 7 Couch on Insurance 2d § 35:B. Missouri has required strict compliance with other warranties in marine insurance policies. See e.g. Schaefer v. Home Insurance Co., 239 Mo. App. 586, 194 S.W.2d 718 (1946) (breach of warranty that ship be laid upon shore during certain period suspends coverage of policy during existence of breach). Therefore, we believe that Missouri and federal law are the same and that breach of an express warranty in a policy of marine insurance suspends the coverage of the underlying policy during the existence of the breach.
There is no question here that plaintiffs have breached the terms of the watchman's warranty. Therefore, since no question of material fact remains and defendant is entitled to summary judgment as a matter of law on plaintiffs' claim under Section I of the insurance policy at issue herein.[3] Accordingly, defendant's motion for partial summary judgment will be SUSTAINED.
We now consider plaintiffs' motion for summary judgment on its claim under Section II of the policy, the "wreck removal" provision. This provision "covers cost or expenses of, or incidental to, the removal of the wreck of the vessel named herein when such removal is compulsory by law; provided, however, that there shall be deducted from such claim the value of any salvage recovered from the wreck by the assured."
*90 Having fully considered the matter, we have concluded that we cannot confidently hold that there is no genuine issue as to any material fact and that plaintiffs are entitled to judgment as a matter of law. Accordingly, plaintiffs' motion for summary judgment will be denied.
An order will be entered in accordance with this Memorandum.
NOTES
[1] We agree that Fireman's Fund Ins. Co. v. Wilburn Boat Co., 348 U.S. 310, 75 S.Ct. 368, 99 L.Ed. 337, merely held that state law is to be applied in the field of marine insurance only where "entrenched federal precedent is lacking" with respect to a specific issue. This is the interpretation which the Supreme Court itself and the Court of Appeals for the Second Circuit has placed on that decision. See Kossick v. United Fruit Co., 365 U.S. 731, 742, 81 S.Ct. 886, 894, 6 L.Ed.2d 56, and Purofied Down Products Corp. v. Travelers Fire Ins. Co. (2 Cir.) 278 F.2d 439, 441, n. 1. Fireman's Fund Insurance Co. v. Wilburn Boat Co., 300 F.2d 631, at 647, fn. 12., cert denied, 370 U.S. 925, 82 S.Ct. 1562, 8 L.Ed.2d 505 reh'd denied, 371 U.S. 854, 83 S.Ct. 17, 9 L.Ed.2d 92 (1962) (5th Cir.).
[2] See, e.g. Wilburn Boat Co. v. Fireman's Fund Ins. Co., 348 U.S. 310, 320, 75 S.Ct. 368, 373, 99 L.Ed. 337 reh'g denied, 349 U.S. 907, 75 S.Ct. 575, 99 L.Ed. 1243 (1955) which stated: "We could adopt the old common-law doctrine of forfeiting all right of recovery in the absence of strict and literal performance of warranties, but that is a harsh rule." Wilburn Boat, however, did not expressly overrule the pre-Wilburn Boat federal rule of strict compliance with warranties in marine insurance policies. See, e.g. Insurance Co. v. Thwing, 80 U.S. 672, 20 L.Ed. 607 (1871); Ciconett v. Home Ins. Co., 179 F.2d 892, 894 (5th Cir.1950); Aetna Insurance Co. v. Houston Oil and Transport Co., 49 F.2d 121, 124 (5th Cir.1931); Shamrock Towing Co. v. American Insurance Co., 9 F.2d 57, 60 (2d Cir.1925). See also, Salts v. Prudential Insurance Co., 140 Mo. App. 142, 120 S.W. 714, 716 (1909):

A warranty in the law of insurance is not matter collateral to the contract, stated as an inducement to the other party to enter into the agreement, as a representation is. It is parcel of the contract, and, in the absence of a statute to the contrary, invalidates the obligation if not strictly true; and this though the thing warranted does not affect the risk.
(Note: this was a life insurance case and there was a statute concerning the effect of misrepresentations made to obtain and secure a policy of life insurance).
[3] Our holding here is not inconsistent with footnote 3 of Wilmering v. Lexington Insurance Company, 678 S.W.2d 865 (Mo.App.1984) at 868. Additionally, the cases cited by plaintiffs concerning the materiality of warranties and substantial compliance with warranties are not on point because none of them concerns a policy of marine insurance.